[Civ. No. 124.    Fourth Appellate District.—August 23, 1930.]

PAN-AMERICAN BANK OF CALIFORNIA (a Corporation), Appellant, v. D. R. CRAWFORD, Respondent.

Derthick & Hull for Appellant.

C. L. Brown for Respondent.

CARY, P. J.—Defendant executed a note to The Agricultural Credit Corporation which that corporation put up as collateral on a loan procured by it from plaintiff. That loan not being paid, plaintiff brought this action on the defendant's note. The defendant answered setting up that there was no consideration for the note; that it was given solely for the accommodation of The Agricultural Credit Corporation; that at the time of the execution of the note The Agricultural Credit Corporation had agreed with defendant that he would never be called upon to pay it but that said corporation would pay it and would return it to the defendant without any liability on his part; that the note was assigned to the plaintiff long after it became due and that at the time plaintiff received the note it knew that defendant had theretofore dishonored said note. The court, sitting without a jury, found that plaintiff had acquired the note after maturity; that there was no consideration for its execution; that it had been executed solely for the accommodation of The Agricultural Credit Corporation and that at the time of its execution said Agricultural Credit Corporation had agreed with the defendant that defendant should never be called upon to pay the note, but that the same would be paid by The Agricultural Credit Corporation and would be by it returned to the defendant. From a judgment in favor of defendant entered on these findings plaintiff appeals.

Appellant contends first, that there is no evidence to support the finding of no consideration and second, that even though the note be an accommodation note and acquired after maturity, yet plaintiff, being a holder for value, may enforce it.

The major portion of appellant's brief is devoted to the second of these contentions, but at the oral argument before this court this second point was abandoned in view of the decision in *Pacific-Southwest Trust & Sav. Bank* v. *Valley Finance Corp.*, 99 Cal. App. 728, 733 [279 Pac.

222, 280 Pac. 134], settling that point adversely to appellant's. contention. In the oral argument appellant advanced a new reason, not found in its brief, why the evidence fails to support the finding of no consideration, to wit: That there could be no agreement between The Agricultural Credit Corporation and defendant such as alleged in defendant's answer because the evidence fails to show that the person assuming to act for that corporation had any authority to do the act in question.

█ Regarding the question of lack of authority, the facts show that one Burgess, the then president of The Agricultural Credit Corporation, agreed with defendant, in the presence of a third party, that defendant should never be called upon to pay the note in question, but that the note would be taken up shortly by The Agricultural Credit Corporation and returned fully paid to the defendant. As this arrangement was made by the president of The Agricultural Credit Corporation in the course of transacting the business of that corporation it is clear that that corporation was chargeable at least with knowledge of the facts in the transaction. The defendant, on the strength of these assurances, executed and delivered this note to The Agricultural Credit Corporation. █ That corporation, for its own benefit, put the note up as collateral on its own obligation. Under the facts the case comes squarely under the provisions of section 1589 of the Civil Code:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." (*Commercial Security Co.* v. *Modesto Drug Co.*, 43 Cal. App. 162, 174–176 [184 Pac. 964]; *Weinberg Co.* v. *Heller*, 73 Cal. App. 769, 777 [239 Pac. 358]; *McCormick Saeltzer Co.* v. *Grizzly Creek Lumber Co.*, 74 Cal. App. 278, 284, 285 [240 Pac. 32].) Furthermore, some nine months thereafter the subsequent president of The Agricultural Credit Corporation wrote a letter to the defendant expressly acknowledging that the note was purely for the accommodation of that corporation and agreeing to pay the note here sued upon in a few days in full and to return the note canceled to the defendant.

█ Regarding the sufficiency generally of the evidence of no consideration, while the testimony is in such shape

that it is a matter of considerable difficulty to arrive at a clear understanding of the facts, we feel that, giving to the evidence its most favorable interpretation from the defendant's viewpoint, it is sufficient to support the finding.

The judgment is affirmed.

Marks, J., concurred.

Barnard, J., being absent, did not participate herein.